CHARLES H. ATWATER *vs.* CHARLES SAWYER.

MENZIES F. HERRING *vs.* SAME.

Penobscot. Opinion December 27, 1884.

*Inn-keeper. License. Food.*

Mere apprehension of insult is no excuse for an inn-keeper's refusal to receive a person as guest without circumstances and facts justifying such apprehension.

Want of food is no excuse for an inn-keeper's failure to provide entertainment for a traveler without good reason for such want.

A person in the business of keeping an inn, though not licensed as required by R. S., c. 23, is yet subject to all the common law and statute obligations of an inn-keeper and is liable for a breach of any of them.

ON EXCEPTIONS.

Appeals from the decision of a magistrate. Each case is to recover damages from the defendant, an unlicensed inn-keeper at Newport, for refusing the plaintiff entertainment at his house August 27, 1883. The verdict in each case was for eight dollars. In justification for his refusal the defendant offered to prove "that eighty or a hundred men dressed in a certain uniform arrived in Newport, and that more or less of those men proceeded to Mr. Sawyer's house, intoxicated and behaved in a disorderly manner, threatening to turn him and his house into the street; and after that insult had taken place, Sawyer, the defendant, announced that no man in uniform should have dinner at his house, being unable to discriminate between them, taking them all as parties coming there to create disturbance in his house;" which testimony the presiding judge excluded.

Other material facts stated in the opinion.

*Josiah Crosby*, for the plaintiffs.

*Humphrey and Appleton*, for the defendant, cited: 5 Bac. Abr. 232; Dyer, 158; Roll. Abr. 3; *Rex* v. *Rymer*, 2 L. R. Q. B. (C. C. R.) 136; Hawk. 451; *Markham* v. *Brown*, 8 N. H. 523; and contended that the facts offered to be proved furnished a reasonable excuse for the defendant in not receiving the plaintiffs as guests at that time.

A landlord must necessarily be invested with some discretionary power. The law directs him to keep an orderly house at the peril of indictment. It also says that he cannot refuse to entertain a traveler without a reasonable excuse. It follows then that the refusal of a disorderly person would be a reasonable excuse. If the testimony offered and excluded would satisfy a jury that the defendant believed and had reason to believe either that the plaintiffs were participators in the disorder itself, or if not, that if he gave dinner to them and none to the others it

would precipitate a disturbance in his house, could it be said that his refusal was without reasonable excuse?

EMERY, J. I. Was the offered testimony as to the conduct of third parties in the defendant's inn, just before the entry of the plaintiffs, and as to the effect of such conduct on the defendant's mind, admissible? An inn-keeper's right to exclude from his inn all disorderly persons; all persons who come with an intent to make an assault, or to insult him or his customers, and the right to exclude such without waiting until the assault was made, or the affray begun, or the insult perpetrated, may be admitted. *Markham* v. *Brown*, 8 N. H. 523. The defendant further claims, however, that when he has reasonable cause to believe such conduct is intended, he may exclude though no such intent may have, in fact, existed. No authority is cited for this last proposition, nor is its applicability clearly manifest. These actions are not for an exclusion from the inn. The exceptions do not show any attempt to exclude the plaintiffs from the house. They were admitted to, and allowed to remain in the house without objection. The only act complained of, was the refusal to furnish dinner.

If, however, the proposition be correct and applicable, the offered testimony would not be admissible unless it logically tended to prove a reasonable cause for such belief. The bill of exceptions states, that some eighty or a hundred men, members of two militia companies, and clad in the uniform of the Maine militia arrived in town on the day named; that "more or less" of them (how many is not stated) went to the defendant's inn, and there behaved in a disorderly and insulting manner. These plaintiffs though members of the militia companies, were not of this disorderly party, nor with them. It is not claimed that the plaintiffs were otherwise than sober, orderly and respectable. The only connection shown between them and the disorderly ones was their membership of the same militia companies. It is not even shown they were of the same company. The only similarity in appearance was in the uniform. Such membership was honorable, and there was not in that any reasonable cause to believe the plaintiffs intended insult. The uniform was honorable

and the rightful wearing it by the plaintiffs was no reasonable cause for apprehension of insult. We do not know how many of the organization had misbehaved. We have no right to assume the number was large. We ought rather to assume the number was small. It would be illogical and unjust to say, there was reasonable cause to believe that every member of those companies meditated misconduct because a small number of them had already misconducted. Yet if there was reasonable cause to fear insult from the plaintiffs, there was equal cause to fear it from every member.

The defendant's claim that he could not distinguish between the plaintiffs and the others, cannot be admitted against the plaintiffs' right to entertainment. The plaintiffs were not with the others. Their rights cannot be abridged by the similarity in appearance to other persons not present. It was the defendant's duty to discriminate.

We think the offered testimony, taken in connection with the facts shown by the exceptions, falls short of a logical tendency to prove a reasonable cause for the defendant's alleged apprehensions.

II. The obligations of an inn-keeper to be provided with food for guests, are sufficiently declared in R. S., c. 27, § 5. "Every inn-holder shall at all times be furnished with suitable provisions and lodging for strangers and travelers, . . . and he shall grant such reasonable accommodations as occasion requires to strangers, travelers and others." Do the defendant's exceptions show such a case as entitled him to the requested instruction; "that an inn-keeper is obliged to be provided with reasonable amount of food sufficient to meet the demands of ordinary travel and no more?" If the proposition involved in the request, be correct in the abstract, the case does not show that the defendant did have "a reasonable amount of food sufficient for the demands of ordinary travel," nor does it show that "the demands of ordinary travel" had exhausted his larder. It does not appear that dinner had been furnished a single person that day. The exceptions do not disclose any evidence to which the requested instruction would be applicable, and it was properly withheld.

The defendant excepts to the instruction that was given, to wit: " I say as a matter of law, he was bound to have food, and if he did not have food, he thereby broke his obligation, and the plaintiffs would be just as much entitled to recover, as though he did have food and refused them. I say to you, that the want of food is no defence in this case, . . I rule out the defence of want of food." This instruction should evidently not be regarded as a statement of an abstract proposition, applicable to all cases. It was closely limited by the judge to the particular case on trial. The defendant kept an inn in Newport, a large village. The two plaintiffs applied for dinner soon after noon. They offered to wait two or three hours for a dinner to be prepared, and to take bread and milk. So far as the case shows there had been no draft on the defendant's provisions up to that time. No reason nor excuse is shown for the alleged lack of food. The defendant, so far as appears by the exceptions, did not offer any evidence of any excuse, but only evidence of the lack itself. Certainly mere lack of food, without any evidence justifying such lack, cannot relieve an inn-keeper from his obligation to " be at all times furnished with suitable provisions." We think it was correct to say upon these facts as matter of law that the defendant was bound to have food enough for these two plaintiffs, and that if he did not have food enough of some kind for two persons only, he broke his obligation. The defendant's evidence not tending to show any excuse for the want of food, we think the mere " want of food was no excuse *in this case*." If the defendant wished to have this defence left to the jury, he should have offered some evidence justifying the want of food.

III. The common law and the statute already cited imposed on the defendant as an inn-keeper, certain obligations toward travelers and strangers. The statute (R. S., c. 27, § 13,) also imposed another and independent obligation, that of procuring a license from the municipal officers. The violation of one statute can be no legal excuse for violating the other. The defendant does not need to break the one to keep the other. He can and should obey both. *Norcross* v. *Norcross*, 53 Maine, 163. It is admitted that the defendant was an inn-keeper, and there was

no question as to whether "the relation of host and guest had attached." That could only become a question when the inn-keeper is sued for the loss of goods of an alleged guest. It is immaterial here, where the only complaint is that the inn-keeper would not receive the plaintiffs as guests. The requested instruction on this point was rightfully withheld.

*Exceptions in both cases overruled.*

PETERS, C. J., DANFORTH, VIRGIN and FOSTER concurred.

HASKELL, J., concurred in the result for the following reasons:

HASKELL, J. The plaintiffs applied for dinner at the defendant's inn and were refused it. For damages suffered thereby this action is brought. Soldiers in uniform came to the defendant's inn, and behaved in a disorderly manner, and threatened to turn him and his house into the street.

Defendant offered to prove that the plaintiffs were refused entertainment, because they wore the same uniform, indicating that they belonged to the same band, and claimed that he could not discriminate between them and the disorderly soldiers. The evidence was excluded.

The defendant was not required by law to furnish entertainment for intoxicated, or disorderly persons. If he had reason to suppose that the plaintiffs belonged to the same band of disorderly soldiers, who had threatened to despoil his house, and that they were evil disposed towards him, or had conspired with the disorderly soldiers to harm his house, or guests, or if they were intoxicated, or disorderly persons, then he would have been justified in refusing them entertainment, and the question should have been submitted to the jury; but the evidence excluded falls short of what would be a justification in the premises, and for that reason was properly excluded.

The requested instruction that the defendant was bound to provide food, sufficient for the demands of ordinary travel and no more, was rightly withheld, because the evidence does not tend to prove a compliance with that rule. It goes so far only as to show the want of food, without sufficient reason or excuse. The

instructions of the presiding justice taken together hold, that the evidence of lack of food, is not sufficient in this case to excuse the defendant, as surely it is not. Nor was the evidence excluded sufficient even to tend to prove a legal excuse for the want of food to furnish entertainment to the plaintiffs.

The defendant kept an inn. His failure to procure the license required by law does not relieve him from his obligation to travelers. *Norcross* v. *Norcross*, 53 Maine, 163.

The facts of this case do not require that the rules of law so strenuously contended for by the learned counsellors for the defendant should be applied.