**STATE of Maine**

v.

**Frederick R. FIELD.**

Supreme Judicial Court of Maine.

Nov. 8, 1977.

Thomas E. Delahanty, II, Dist. Atty., M. Kelly Matzen, Herbert Bunker, Asst. Dist. Attys., Auburn, for plaintiff.

Hamilton & Hardy by John L. Hamilton, Lewiston, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

WERNICK, Justice.

A two-count indictment was returned against defendant, Frederick R. Field in the Superior Court (Androscoggin County) on June 29, 1976. The first count charged that on or about June 22, 1976 defendant committed the crime of Burglary against the Diamond Lunch Restaurant, property of one Juliette Bonsaint, situated in Lewiston, Maine (17–A M.R.S.A. § 401). The other count alleged that on the same day defendant committed the crime of Theft of personal property of Juliette Bonsaint worth in excess of $25.00 (17–A M.R.S.A. § 353).

In a trial held on August 3, 4, 1976, the jury found defendant not guilty of Burglary but guilty of Theft. Defendant has appealed from the judgment of conviction entered against him.

We deny the appeal.

One of two points defendant asserts on appeal is that various articles of meat were erroneously admitted as evidence against him at his trial. Defendant contends these articles should have been excluded as evidence because they had been seized by government officials from defendant's refrigerator in violation of defendant's rights under the 4th-14th Amendments to the Constitution of the United States.

■ The point was adequately saved for appellate cognizance in ordinary course insofar as prior to trial the Court had denied a motion of defendant to suppress as evidence against him various items among which were included the meat articles admitted in evidence at the trial. *State v. Hazelton*, Me., 330 A.2d 919 (1975).

The meat admitted in evidence had been seized in execution of a search warrant. Defendant contends that the issuance of the warrant was in violation of constitutional requirements because the affidavits tendered in support of the officer's request for the warrant failed to establish probable cause to believe that defendant's apartment contained property stolen from the Diamond Lunch Restaurant.

We disagree with defendant's contention.

■ The affidavits revealed the following factual information. In the course of investigating the crimes reported to have been committed at the Diamond Lunch Restaurant, Detective Laurent Gilbert of the Lewiston Police Department received a tip that the culprit was the defendant Field. Accordingly, Detective Gilbert made contact with defendant. He asked defendant if he knew anything about the "Diamond Lunch" break and the meat stolen in the break. Defendant denied any knowledge of the incident. In response to another question defendant stated that there was no meat in the refrigerator at his apartment. After defendant freely consented to having his apartment searched, Detective Gilbert undertook the search and found in defendant's refrigerator a substantial amount of meat similar to much of the meat described as stolen from the Diamond Lunch Restaurant. In a trash can in defendant's kitchen Detective Gilbert observed some food packaging labels. Shortly thereafter Detective Gilbert ascertained that these labels were like those on the packages of chicken parts stolen from the Diamond Lunch Restaurant. He also ascertained that defendant had given him a false explanation as to how it happened that defendant was in possession of the labels seen in his kitchen trash can.

All of these facts appearing in the affidavits were sufficient to justify a finding by the Magistrate that there was probable cause to believe that the meat in defendant's refrigerator resembling that stolen from the Diamond Lunch Restaurant was in fact some of the meat thus stolen. Hence, consistently with the 4th-14th Amendments to the federal Constitution, this meat in defendant's refrigerator was subject to seizure, pursuant to a warrant, as evidence of the crime committed at the Diamond Lunch Restaurant. *Warden, Maryland Penitentiary v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *State v. Stone*, Me., 294 A.2d 683 (1972); *application for bail denied*, 409 U.S. 908, 93 S.Ct. 212, 34 L.Ed.2d 169 (1972); Rule 41(b)(4) M.R.Crim.P.

Defendant's other point on appeal is that the jury acted inconsistently—and, hence, contrary to the evidence—in convicting him of Theft while simultaneously acquitting him of Burglary. It is therefore requisite as a matter of law, defendant contends, that he be adjudicated not guilty of Theft.

We are satisfied that in light of all the evidence the jury verdicts are consistent.

■ It is an essential element of Burglary as defined in 17–A M.R.S.A. § 401 that *at the time* defendant makes an unauthorized entry into a building defendant must *then* entertain actual intent to commit a specific crime in the building;—here charged as the crime of Theft.

No direct evidence was presented at defendant's trial to link defendant to the unauthorized entry into the Diamond Lunch Restaurant, or the theft committed therein. Hence, a verdict that defendant was guilty of Burglary, or Theft, or both, would signify that the jury arrived at the ultimate conclusion that defendant was the culprit by drawing an inference from the circumstance that defendant was found in recent and exclusive possession of some of the goods stolen in connection with the burglary at the Diamond Lunch Restaurant. While the law permits (without compelling) the jury to draw such inference, the law further emphasizes that on all the evidence the jury must be satisfied beyond all reasonable doubts of the ultimate conclusion to which the inference leads. *State v. Smith*, Me., 366 A.2d 865 (1976).

■ Here, defendant's possession of some of the goods recently stolen from the Diamond Lunch Restaurant was sufficient, in light of all the evidence, to convince the jury beyond a reasonable doubt that defendant at least participated in the commission of the theft. Apparently, however, such possession was not enough to remove the jury's reasonable doubts that, even if defendant had entered the Diamond Lunch Restaurant without authorization, defendant had the intention *at the time of such entry* to commit the crime of theft in the building (as charged in the indictment).

The presiding Justice acutely and correctly recognized this point in refusing to order defendant acquitted of Theft once the jury had acquitted defendant of Burglary. He observed:

". . . [O]n this evidence the jury could very easily have found that at the time of the entry, . . . [defendant] did not have the intent to commit a theft . . . . So . . . they could have found that intent lacking, and yet still [have] found a recent and exclusive possession to indicate that he was at least the thief, but not . . . a burglar because of the missing element of an intent to commit a theft at the time of the entry."

Within its legitimate prerogatives as fact-finder, the jury thus had rational basis on all of the evidence to find defendant guilty of Theft while simultaneously acquitting defendant of Burglary.

The entry is:

*Appeal denied; judgment affirmed.*

DELAHANTY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

All Justices concurring.