STATE of Maine

v.

Fred HOLT.

Supreme Judicial Court of Maine.

Sept. 28, 1978.

---

Thomas E. Delahanty, II, Dist. Atty., Peter B. Dublin (orally), Herbert Bunker, Jr., Asst. Dist. Attys., Auburn, for plaintiff.

Skelton, Taintor & Abbott, P.A. by John B. Cole (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

ARCHIBALD, Justice.

Fred Holt was indicted for burglary (17–A M.R.S.A. § 401) and theft (17–A M.R.S.A. § 353). Following a jury trial he was

convicted of both offenses, judgments of conviction were accordingly entered and appeals were seasonably filed, which we deny.

## FACTS

A cottage owned by one Robert Salmon situated on Lake Thompson in Poland was entered and a radio, wrist watch, and beer were taken therefrom. In the process of investigating, the police interviewed the defendant who ultimately returned the radio and wrist watch to them, explaining that he had obtained the items from persons whom he had previously observed in possession thereof. Additionally, the State offered the testimony of a young girl who described having seen the defendant on a public beach near the Salmon cottage on the day of the burglary, drinking beer, wearing a wrist watch similar to the one that was stolen, and having a radio in his possession which was likewise similar to the one stolen. This witness also testified that the defendant had admitted that he had broken into the cottage.

The defendant did not testify.

## I

Appellant challenges the sufficiency of the indictment charging burglary, as follows:

"THE GRAND JURY CHARGES:

On or about the 26th day of July, 1976, at Poland, County of Androscoggin, State of Maine, the above-named defendant, FRED HOLT, did enter into a dwelling place, namely a camp belonging to Robert Salmon, knowing that he was not licensed or privileged to do so, with the intent to commit theft therein."

Burglary is defined by 17–A M.R.S.A. § 401(1) in this language:

"1. A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein."

Appellant argues that the indictment is deficient in failing (1) to specify what particular type of theft was intended, and (2) to allege that the larcenous intent existed at the time of the unauthorized entry into the Salmon cottage.

Rule 58, M.R.Crim.P., provides: "The forms contained in the Appendix of Forms are sufficient under the rules . . ." Form 10, M.R.Crim.P., relates to the crime of burglary. This form does not delineate or specify the type of theft intended, although 17–A M.R.S.A. §§ 353–360 describes various categories of conduct which constitute theft. Since the indictment before us, in alleging merely that the entry was "with the intent to commit theft therein," conforms with Form 10, the indictment is sufficient. *Cf. State v. Thibodeau,* Me., 353 A.2d 595, 602 (1976); *Ellis v. State,* Me., 277 A.2d 120, 123 (1971).

The forms set forth in the Appendix of Forms, M.R.Crim.P., although sufficient under Rule 58, are illustrative and not intended to be an exclusive way of alleging a particular criminal act. While the indictment does not use the word "and" immediately preceding "with intent to commit theft therein," Form 10 does do so. Thus, the appellant contends the indictment is defective in not alleging that the intent to commit theft existed at the time of the unlawful entry. However, the indictment followed precisely the statutory language which is a proper method of criminal pleading where, as here, the statute sufficiently sets out the facts which constitute the crime. *State v. Charette,* 159 Me. 124, 126, 188 A.2d 898, 899–900 (1963); *State v. Child,* 158 Me. 242, 249, 182 A.2d 675, 679 (1962). The State is not, however, thus excused from proving an essential element of the crime, namely, that the larcenous intent must exist at the time of the unauthorized entry. *State v. Field,* Me., 379 A.2d 393, 395 (1977).

The defendant's argument that the indictment for burglary is defective is without merit.

## II

Immediately prior to trial appellant moved for a continuance, which was denied.

He now argues that the ruling on his motion constituted an abuse of judicial discretion. We do not agree.

 The indictment in this case was returned on October 15, 1976, but trial was not commenced until August 2, 1977, some nine months and seventeen days after the indictment. Without reciting all the facts, suffice it to say that our review of the record supports the ruling of the justice below which we find to have been an appropriate use of his discretion, bearing in mind the practical necessities incident to every day operation of the court system. A motion for continuance must be based on more than a whimsical hope that more time to investigate might produce additional exculpatory evidence. *See Higgins v. Higgins,* Me., 370 A.2d 670, 674 (1977).

### III

After the State had rested the defendant made an offer of proof in lieu of the actual presentation of the available witnesses. The justice presiding ruled that the testimony would be inadmissible. We believe this ruling was correct. Appellant's counsel proposed calling one Richard Fitts as a witness and asking him if, in fact, he was the burglar, anticipating a negative answer. He then proposed to place one Michael Leonard on the witness stand and suggested Leonard would testify that Fitts had admitted to him that he was the sole perpetrator of the crime. Appellant argues that his position is supported by Rules 607[1] and 804(b)(3), M.R.Evid.,[2] conjoined with *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

 Both *Chambers* and Rule 804(b)(3) limit the use of this type of evidence to situations where the circumstances clearly indicate the "trustworthiness" of the statement. 410 U.S. at 303, 93 S.Ct. 1038. We have recognized this limitation in *State v. Gervais,* Me., 317 A.2d 796, 802–03 (1974), wherein we held:

> "Most courts . . . have circumscribed the admissibility of such declarations [against penal interest] with certain specific safeguards; this protects the State interest while at the same time essential justice and common fairness are afforded the accused. A rule which made every declaration against penal interest admissible in evidence under any and all circumstances could seriously handicap the administration of justice. Such a rule would open the door to defendants to produce perjured and fraudulent 'confessions' . . . .

> . . . . .

> 'To what extent a confession or admission of a third party is free of collusion and bears the indicia of trustworthiness is a question which . . . should be entrusted . . . to the sound discretion of the trial judge.' *Brady v. State,* 1961, 226 Md. 422, 174 A.2d 167."

Preliminarily, therefore, we look to what corroborative evidence there was pointing to the trustworthiness of the proffered Leonard testimony. Apparently Fitts and Leonard were acquainted, Fitts[3] resided in the proximity of the Salmon cottage and was on probation for "breaking and entering." The "indicia of trustworthiness" being thus circumscribed, we can detect no abuse of discretion by the justice presiding when he rejected the proffered testimony.

---

**1.** "The credibility of a witness may be attacked by any party, including the party calling him." Rule 607, M.R.Evid.

**2.** "(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the *trustworthiness* of the statement. . . . (emphasis supplied). Rule 804(b)(3), M.R.Evid.

**3.** Although Fitts was a juvenile, his status was so characterized by appellant's affidavit in support of a motion for continuance.

## IV

The indictment did not allege the theft of a wrist watch. However, one Jeffrey Miller was permitted to testify that the watch returned by the appellant to the police was his. Miller had not been designated as a witness but the justice below admitted his testimony only for the purpose of identification of the wrist watch. If this was error, it was harmless because the camp owner's daughter had already testified that the wrist watch was stolen along with the radio. *Cf. State v. Elwell,* 380 A.2d 1016 (1977).

The appellant also argues that it was error not to have permitted him to conduct an additional voir dire of the jury when Miller was called as a witness. Considering the limited purpose of Miller's testimony, we can detect no abuse of discretion in the ruling complained of. *State v. Pritchett,* Me., 302 A.2d 101, 107 (1973).

We have reviewed other claims of error and find them to be groundless.

The entry is:

Appeals denied.

Judgments affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.