STATE of Maine

v.

Russell O. GORDON.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1981.

Decided Dec. 7, 1981.

Michael E. Povich, Dist. Atty., Bronson Platner, Asst. Dist. Atty. (orally), Ellsworth, Mark A. Beede, Law Student, for plaintiff.

Libhart, Ferris, Dearborn, Willey & Ferm, N. Laurence Willey, Jr. (orally), Brewer, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Russell O. Gordon, appeals from a judgment of the Superior Court, Hancock County, following a jury-waived trial on March 4, 1980, in which he was found guilty of criminal trespass under the statute in effect at the time of the offense, 17–A M.R.S.A. § 402(1)(B) (Supp. 1978)[1]. The Defendant challenges the sufficiency of the evidence to support his conviction following a jury-waived trial. He also argues that his First Amendment rights were violated by his arrest and that the complaint upon which he was tried failed to state an offense.

We deny the appeal and affirm the conviction.

The trial court could have found the following facts from the evidence presented: Shortly after midnight on May 21, 1979, the Defendant and four male companions entered the Dunkin Donuts shop in Ellsworth. Three Ellsworth police officers were already at the counter. The young men were talking loudly, swearing and creating a disturbance. The night manager, some time after serving them, asked them to quiet down. When they did not, within the Defendant's hearing she requested the police officers to ask the young men to leave. One of the officers did so. The Defendant responded that he would not leave until he finished his milk and donuts. The officer repeated the request. The Defendant was subsequently forcibly removed from the premises.

■ The Defendant argues on this appeal that the evidence presented was insufficient to support his conviction. After a careful examination of the record, however, we conclude that there was competent and substantial evidence to support the findings of the Superior Court. *State v. Gove*, 379 A.2d 152, 153 (Me.1977).

■ The Defendant contends that the evidence does not support a finding that he knew that he was not privileged to remain in the Dunkin Donuts after the police request that he leave because he was a business invitee and believed that he had a right to stay until he finished eating his

---

1. Until its amendment in 1979, after the events at issue in this case took place, this statute read in pertinent part:

    1. A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so:

        .     .     .     .     .

    B. He remains in any place in defiance of a lawful order to leave, which was personally communicated to him by the owner or other authorized person ...

food. Under the innkeeper statutes upon which the Defendant relies, 30 M.R.S.A. § 2851 and § 2852 (1978)[2], however, the innkeeper has the right to exclude disorderly persons. *Atwater v. Sawyer*, 76 Me. 539, 541 (1884). Three witnesses testified that the Defendant and his companions were boisterous and disorderly. Their testimony is not inherently incredible. *State v. Morgan*, Me., 379 A.2d 728, 730 (1977).

The fact that the Defendant may have been invited onto the premises has no bearing on the charge that he knew he was not licensed or privileged to *remain* there. *See State v. Dupuy*, 118 N.H. 848, 852, 395 A.2d 851, 853 (1978). Remaining upon the land of another after being requested to leave is sufficient to complete the offense. The Defendant admitted that he heard the police officer's request to leave. This officer's request was a direct result of the Defendant's conduct.

The Defendant also argues that the element of defiance of an order was not proved because he did not intend to defy the officer when he remained in his seat after being asked to leave. But it is clear from his own testimony that the Defendant intended to remain on the premises after the request to leave. The act of remaining itself is sufficient evidence of defiance.

The Defendant further contends that the police officer was not an "authorized person" to convey the order to leave under the statute. While he concedes that the night manager would have been an authorized person, he argues that this authority was not delegable to the police officer. The night manager had express authority to ask rowdy customers to leave. This authority was delegable to the police officer unless the owner had somehow limited the night manager's express authority. No such limitations were suggested by the evidence. As we have noted, it was within the Defendant's hearing that the manager delegated this authority to the police officer. The Defendant then knew, or should have known, that an authorized person was conveying the order that he leave.

The Defendant has also challenged the complaint upon which he was tried as failing to state an offense. A complaint which follows precisely the statutory language is an appropriate method of criminal pleading where the statute sufficiently sets out the facts which constitute the crime. *State v. Holt*, Me., 391 A.2d 822, 824 (1978). The complaint in this case closely followed the language of 17–A M.R.S.A. § 401 and was sufficient under the *Holt* test.

We conclude any claim that the Defendant's arrest violated his right to free speech under Art. I, Sect. 4, of the Constitution of Maine or under the First Amendment to the U. S. Constitution to be without merit.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

2. These statutes read:

§ 2851. Innkeepers
Every innkeeper shall, at all times, be furnished with suitable provisions and lodging for strangers and travelers and he shall grant such reasonable accommodations as occasion requires to strangers, travelers and others.

§ 2852. Victualers
Every victualer has all the rights and privileges and is subject to all the duties and obligations of an innkeeper, except furnishing lodging for travelers.