STATE of Maine,

v.

Salvador CHIAPETTA.

Supreme Judicial Court of Maine.

Argued June 3, 1986.
Decided July 30, 1986.

Mary Tousignant, Dist. Atty., Michael P. Cantara (orally), Deputy Dist. Atty., Alfred, for plaintiff.

Eric B. Cote (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Our criminal trespass statute, 17–A M.R.S.A. § 402(1)(D) (1983), provides that a "person is guilty of criminal trespass if, knowing that he is not licensed or privi-

leged to do so ... [h]e remains in any place in defiance of a lawful order to leave, which was personally communicated to him by the owner or other authorized person." Defendant Salvador Chiapetta was convicted of that Class E offense in the District Court (Biddeford). He now appeals the judgment of the Superior Court (York County) affirming that conviction. Before us defendant challenges 1) the constitutionality of the criminal trespass statute on its face and as applied to him and 2) the sufficiency of the evidence to sustain his conviction. We find no merit in any of the defendant's contentions.

On election day, November 6, 1984, Chiapetta, a motel operator in Old Orchard Beach, accompanied a tenant at her request to that town's voter registration office to verify her address so that she could register to vote. Once inside the office, Chiapetta refused to cooperate with the voter registrar and became disruptive. In a loud voice, he harangued the registrar for questioning him about his motel. Chiapetta's outburst brought the registration of other voters to a standstill. As a result the chairman of the Board of Voter Registration requested him to leave the office and go to the outside hallway where she could discuss his complaints with him. Chiapetta refused to leave and persisted in his noisy protest, proclaiming the right of every American to vote and criticizing the town and its Board of Voter Registration. The chairman then left the office, returned with a uniformed police officer, and again asked Chiapetta to leave the office to discuss his complaints with her outside. Chiapetta again refused to leave. When the police officer asked him to leave the office, he again refused. The officer then forcibly removed Chiapetta from the office and arrested him for criminal trespass.

### I. Constitutionality of Section 402(1)(D)

#### A.

■ On his appeal defendant first argues that the criminal trespass statute is void on the ground that the term "lawful order" is unconstitutionally vague on its face. That argument disregards our decision in *State v. Tauvar*, 461 A.2d 1065, 1067 (Me.1983), holding that "[w]ith regard to property upon which the general public is invited to enter, an order to leave the premises is lawful only when the owner has some *justification for requesting removal.*" (Emphasis added) A person's own disruptive conduct may constitute a basis for lawfully seeking his removal. *Id.; see also State v. Gordon*, 437 A.2d 855 (Me.1981) (request that defendant leave Dunkin Donuts shop justified because of his "talking loudly, swearing and creating a disturbance"). As construed in *Tauvar* and applied in *Gordon*, section 402(1)(D) satisfies the constitutional requirement that "the criminal offense [be defined] with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

#### B.

■ Defendant's second constitutional argument is that his arrest and conviction for criminal trespass abridged his freedom of speech. *See* U.S.Const. amend. I; Me. Const. art I, § 4. Defendant does not contend, nor on this record could he contend with any plausibility, that he was arrested because the authorities disapproved of the content of his speech. Instead, he argues that his arrest was an impermissible restriction on his right of free expression. We cannot agree.

Even if we view defendant's conduct at the voter registration office to involve the expression of ideas protected by the United States and Maine Constitutions, that speech is nonetheless subject to reasonable restrictions as to time, place, and manner. *See Grayned v. City of Rockford*, 408 U.S. 104, 115–17, 92 S.Ct. 2294, 2302–03, 33 L.Ed.2d 222 (1972). When the government restricts the exercise of free speech on government property, the validity of those

restrictions depends on the nature and function of the property. For the purpose of its free speech analysis, the Supreme Court of the United States classifies government properties in three different categories of forums: the traditional public forum such as streets and parks, the public forum created by government designation such as public meeting places, and the nonpublic forum. *See Perry Education Association v. Perry Local Educators' Association,* 460 U.S. 37, 45–46, 103 S.Ct. 948, 954–55, 74 L.Ed.2d 794 (1983). The extent to which the government may abridge free speech on its property is determined by which forum classification fits the particular property. *See Cornelius v. NAACP Legal Defense and Education Fund,* — U.S. —, —, 105 S.Ct. 3439, 3447, 87 L.Ed.2d 567, 578 (1985). In applying those forum classifications to a particular governmental property, such as a voter registration office, the court looks to "the policy and practice of the government to ascertain whether it *intended to designate* a place not traditionally open to assembly and debate as a public forum." *Id.* at —, 105 S.Ct. at 3449, 87 L.Ed.2d at 580 (emphasis added).

On the record before us it is plain that the Board of Voter Registration did not intend to designate its registration office on election day as a public forum. By its nature and function, that office fell into the third category; it was a nonpublic forum. The overriding governmental interest in maintaining an orderly setting for the prompt and efficient screening and registration of voters during the hours when the polls were still open outweighed any constitutional right defendant may have had in expressing his displeasure with the town and its voter registration process. Chiapetta was arrested solely because his protest was vented at a time (election day) and place (voter registration office) and in a manner (with a loud voice) that disrupted the essential functions of a government office. His speech in that "nonpublic forum ... can be restricted as long as the

restrictions are 'reasonable and [are] not an effort to suppress expression merely because public officials oppose the speaker's view.' " *Id.* at —, 105 S.Ct. at 3447–49, 87 L.Ed.2d at 578–79 (quoting *Perry Education Association v. Perry Local Educators' Association,* 460 U.S. at 46, 103 S.Ct. at 955). Defendant's arrest for criminal trespass was an appropriate limitation on his freedom of speech in order "to protect the public from the kind of boisterous and threatening conduct that disturbs the tranquility of spots selected by the people ... for ... buildings that require peace and quiet to carry out their functions, such as courts, libraries, schools ..." and, we here add, voter registration offices. *Gregory v. City of Chicago,* 394 U.S. 111, 118, 89 S.Ct. 946, 950, 22 L.Ed.2d 134 (1969) (Black, J., concurring) (quoted with approval in *Carey v. Brown,* 447 U.S. 455, 470–71, 100 S.Ct. 2286, 2295, 65 L.Ed.2d 263 (1980)).

Thus the United States Supreme Court decisions establish that the Maine criminal trespass statute as applied in the case at bar does not violate the First Amendment. We see no reason to reach any different conclusion under article I, section 4 of the Maine Constitution, which in pertinent part reads:

> Every citizen may freely speak, write and publish his sentiments on any subject, *being responsible for the abuse of this liberty* ...

(Emphasis added) *See State v. Gordon,* 437 A.2d at 857 (defendant's arrest for "talking loudly, swearing and creating a disturbance" does not offend United States or Maine Constitution).

## II. *Sufficiency of the Evidence*

■ Defendant's final argument is that the State failed to prove beyond a reasonable doubt that either the chairman of the Board of Voter Registration or the uniformed police officer had the requisite justification for ordering him to leave. He first contends that those public officers

could not issue a "lawful order" unless defendant's conduct violated some other provision of the Maine criminal laws, such as the prohibition against disorderly conduct. Again, we have already provided the complete answer in *State v. Tauvar;* a lawful order need only be based upon "some justification for requesting removal." 461 A.2d at 1067. By that definition of "lawful order," it is plainly not an element of the crime of trespass that a defendant have committed another crime in the place from which he is ordered.

Defendant further contends that there is a difference between the type of justification that can serve as a predicate for a lawful order to leave a private place open to the public, such as the Jehovahs' Witnesses hall involved in *Tauvar* or the Dunkin Donuts shop involved in *Gordon,* and that for a lawful order to leave a government office open to the public, such as a voter registration office. That argument tries to draw a distinction where there is no real difference. As we have already discussed, public offices may take on a nonpublic character depending on their nature and function. The Town of Old Orchard Beach, "no less than a private owner of property, has power to preserve the property under its control [such as a voter registration office] for the use to which it is lawfully dedicated." *Adderley v. Florida,* 385 U.S. 39, 47, 87 S.Ct. 242, 247, 17 L.Ed.2d 149 (1966).

Based on the record evidence viewed in a light most favorable to the State, the trier of fact could rationally find beyond a reasonable doubt that the chairman and the officer were justified in ordering defendant to leave the town's registration office. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is: Judgment of conviction affirmed.

All concurring.