2009 ME 102

**STATE of Maine**

v.

**Ashton MOORES.**

Supreme Judicial Court of Maine.

Argued: Sept. 16, 2009.
Decided: Oct. 6, 2009.

Seth D. Harrow, Esq. (orally), Vafiades, Brountas & Kominsky, LLP, Bangor, ME, for Ashton Moores.

Janet T. Mills, Attorney General, Donald W. Macomber, Asst. Atty. Gen. (orally), Andrew Benson, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Ashton Moores appeals from a judgment of conviction for murder, 17–A M.R.S. § 201(1)(A), (B) (2008), and gross sexual assault (Class A), 17–A M.R.S. § 253(1)(A) (2008), entered in the Superior Court (Penobscot County, *Anderson, J.*) after a jury-waived trial. Moores contends that the largely circumstantial evidence is insufficient to support his convictions. Concluding that the evidence is sufficient, we affirm the judgment.

[¶ 2] We review the evidence in the light most favorable to the State in

order to determine whether the fact-finder could rationally find each element of the crime proved beyond a reasonable doubt. *State v. Bruzzese*, 2009 ME 61, ¶ 10, 974 A.2d 311, 313. Viewing the evidence in this light, the fact-finder could have found the following facts beyond a reasonable doubt.

[¶ 3]   In February 2007, the victim was living with Ashton Moores in an apartment in Bangor. February 24, 2007, is the last date that the victim was seen alive. On the evening of February 24, another tenant in the building heard loud noises emanating from Moores's apartment. The tenant testified that the noises resembled a fight, including a man and woman arguing and sounds like bodies thrashing and a body being thrown against a wall. The confrontation lasted for about an hour, then loud music drowned out any further sounds.

[¶ 4]   In the days following the confrontation, Moores covered all of his windows so that no one could see into his apartment. The other tenants in the building noticed that a mattress with a blue plastic cover had disappeared from the hallway of the apartment building. The tenants also reported that a strong odor permeated the apartment building for about a week following February 24.

[¶ 5]   On March 3, 2007, the victim was found dead, her body hidden behind a Bangor shelter for teenagers. The victim was found wrapped in a comforter and a blue plastic mattress cover. She was tied up with her own clothing. Her pants and men's-style underwear were pulled down. The comforter that she was wrapped in had been given to Moores by a neighbor, and the mattress cover matched the description of the one that had disappeared from the hallway of Moores's apartment building.

[¶ 6]   The victim's cause of death was determined to be multiple traumatic injuries, including a skull fracture, rib fractures, and bruising consistent with strangulation. The victim also sustained rectal and anal lacerations near the time of her death, which, the medical examiner determined, had been inflicted while she was alive. Moores's semen was found on the underwear worn by the victim.

[¶ 7]   During the police investigation, security camera images were obtained from a camera outside the shelter where the victim was found. The images showed a person pushing a wheelbarrow beside the shelter at around midnight between March 2 and March 3. Later, Moores told the police that he had borrowed a wheelbarrow from his landlord on March 2, without the landlord's permission. Moores also admitted to police that he had last seen the victim on February 24, not around February 15, as he had previously indicated to them.

[¶ 8]   The police returned to Moores's apartment several times during the investigation. On one such visit, bloodstains were discovered in Moores's living room. With DNA analysis, the blood was later determined to be that of the victim. A wheelbarrow, which appeared to be the same wheelbarrow seen on the security camera recording, was located by police on March 6, 2007. The wheelbarrow contained evidence of the victim's blood.

[¶ 9]   The court found Moores guilty of both murder and gross sexual assault. Because the State's case included circumstantial evidence, the court considered explanations for the evidence consistent with Moores's innocence. Ultimately, however, the court found beyond a reasonable doubt that Moores sexually assaulted the victim, caused her death, and later deposited the victim's body behind the shelter. The court sentenced Moores to life in prison

for the murder conviction and to twenty years for the gross sexual assault conviction, to be served concurrently. Moores then brought this appeal.

[¶ 10] A criminal conviction may be based solely on circumstantial evidence, even if inferences made from such evidence are contradicted by direct evidence, as long as the evidence supports a finding that each element of the crime at issue is proved beyond a reasonable doubt. *State v. Woo,* 2007 ME 151, ¶ 5, 938 A.2d 13, 14; *State v. Barnard,* 2001 ME 80, ¶ 11, 772 A.2d 852, 857. As we have stated, "[c]ircumstantial evidence is not, as a matter of law, inherently inferior evidence; factual findings may be supported by reasonable inferences drawn from all the circumstances even if those inferences are contradicted by parts of the direct evidence." *State v. Stinson,* 2000 ME 87, ¶ 8, 751 A.2d 1011, 1014. The proof "need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." *United States v. Lugo Guerrero,* 524 F.3d 5, 13 (1st Cir.2008); see *also United States v. Downs–Moses,* 329 F.3d 253, 261 (1st Cir.2003); *Barnard,* 2001 ME 80, ¶¶ 11–14, 772 A.2d at 857–58.

[¶ 11] Because the evidence described above is sufficient for the trial court to rationally find beyond a reasonable doubt that Moores committed both crimes, we affirm Moores's convictions for murder and gross sexual assault pursuant to 17–A M.R.S. §§ 201(1)(A), (B) and 253(1)(A).

The entry is:

Judgment affirmed.