MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2014 ME 50
Docket:      Kno-13-166
Argued:      February 11, 2014
Decided:     March 27, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

SAMUEL SANCHEZ

SAUFLEY, C.J.

[¶1]  In this appeal, Samuel Sanchez asks us to vacate a judgment entered by the court (*Horton, J.*), after a bench trial, convicting him of criminal trespass (Class E), 17-A M.R.S. § 402(1)(E) (2013), for entering a Rite Aid store six months after a police officer ordered him not to be on the premises.  Sanchez argues that the court erred in finding that the officer was authorized, within the meaning of section 402(1)(E), to order him not to enter the premises.  We affirm the court's judgment.

I.  BACKGROUND

[¶2]  On February 5, 2013, Sanchez was charged by complaint with criminal trespass.  *See id.*  The criminal trespass statute provides, in relevant part, that "[a] person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person . . . [e]nters any place in defiance of a lawful order

2

not to enter that was personally communicated to that person by the owner or another authorized person." *Id.* Sanchez pleaded not guilty on February 11, 2013.

[¶3]  During a bench trial held on March 14, 2013, the State presented the testimony of two witnesses: Rockland Police Officer William Smith, who had ordered Sanchez not to return to the Rite Aid store, and Rockland Police Officer Scott Solozarno, who arrested Sanchez six months later at the same Rite Aid. The State did not offer testimony from any Rite Aid employee.

[¶4]  Smith, the State's first witness, testified that after receiving a report of shoplifting from the Rite Aid, he located the suspects—Sanchez, whom he already knew, and another person—a block and a half from the store. Both denied shoplifting. Smith subsequently went to the Rite Aid, where, according to Smith's testimony, an employee informed him that they did not want Sanchez to return. Sanchez objected to this testimony as inadmissible hearsay. *See* M.R. Evid. 802. The court admitted Smith's answer for the limited purpose of explaining Smith's state of mind. *See* M.R. Evid. 803(3) (providing that state-of-mind testimony may not be offered "to prove the fact remembered"). In so ruling, the court reasoned that it was "not assuming [Smith] actually had the authority" to order Sanchez not to enter the Rite Aid, but rather regarded the question as "whether the officer acted in the belief that he had the authority." Smith also testified that he then returned to

Sanchez and his companion and told Sanchez that he was prohibited from returning to the Rite Aid.

[¶5]  Solozarno, the State's second and last witness, testified that about six months later, he received a complaint from the Rite Aid store that Sanchez was present in the store.  Solozarno arrested Sanchez at the Rite Aid for violating Smith's earlier trespass order not to enter the store.

[¶6]  During his closing argument, Sanchez argued that the State had not proved that he violated the criminal trespass statute because the State failed to prove that Smith was "authorized" to order Sanchez not to enter the Rite Aid.  *See* 17-A M.R.S. § 402(1)(E).  The court found Sanchez guilty and imposed a sentence of seven days in jail.  The court found that the report of shoplifting, the descriptions of the suspects, conversations with unidentified employees, and Smith's statement to Sanchez all combined to demonstrate Smith's authority to issue an order within the meaning of the criminal trespass statute.  *See id.*  The court also reasoned that the criminal trespass statute authorized Smith to order Sanchez not to enter Rite Aid based solely on his suspicion that Sanchez was shoplifting.  *See id.*  Sanchez appealed and was granted a stay pending his appeal.

4

## II. DISCUSSION

### A.     Question Presented

[¶7]  The question presented to us is whether the evidence was sufficient to persuade a rational fact-finder, beyond a reasonable doubt, that Smith was an "authorized person," pursuant to Maine's criminal-trespass statute, to order Sanchez not to enter the Rite Aid.  *See id.*

[¶8]  There are two distinct arguments presented through Sanchez's appeal. First, Sanchez argues that there was insufficient evidence upon which a fact-finder could find, beyond a reasonable doubt, that a Rite Aid owner, or employee as a representative of the owner, had explicitly asked Smith to order Sanchez not to return to the store, thereby providing the officer with the "authority" required by the criminal trespass statute.  That argument presents a question of fact for our review.  When determining whether the record contained enough evidence to support a criminal defendant's conviction, we view "the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt."  *State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250 (quotation marks omitted).

[¶9]   Second, Sanchez argues that the criminal trespass statute does not provide that a police officer has "authority," independent of authorization by an owner or an owner's representative, to order an individual not to enter a public

place.  *See* 17-A M.R.S. § 402(1)(E).  We review the interpretation of a statute de novo.  *State v. Jones*, 2012 ME 88, ¶ 6, 46 A.3d 1125.  Here, however, although the trial court raised this possible interpretation of the statute, the State did not argue at trial that a police officer has authorization, pursuant to the criminal trespass statute, independent of the authority conferred by an owner or an owner's representative to order an individual not to enter public property.  Accordingly, we do not consider this argument and focus instead on the issue articulated by the trial judge: whether the State had proved beyond a reasonable doubt that the Rite Aid staff did confer on Officer Smith the authority "to exclude Mr. Sanchez from the Rite Aid store."[1]

B.    Applicable Law

[¶10]  Maine's criminal trespass statute provides,

   **1.**   A person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person:
   . . .

   **E.**  Enters any place in defiance of a lawful order not to enter that was personally communicated to that person by the owner or another authorized person.

---

[1]  The exclusion of the Rite Aid employee's statement on the basis of hearsay is not challenged in this appeal.  Thus, we are not called upon to determine whether a statement such as, "Please order that man not to enter or return to this Rite Aid," is offered for the truth of its content or is a nonhearsay statement offered simply to demonstrate that the words were communicated to the officer.  *See, e.g.*, *State v. Troy*, 2014 ME 9, ¶¶ 14-15, --- A.3d ---.

17-A M.R.S. § 402(1)(E). "An order to leave property open to the public is lawful only when an authorized person has some justification for requesting removal." *State v. Armen*, 537 A.2d 1143, 1145 (Me. 1988) (quotation marks omitted).[2]

[¶11]  Although the criminal trespass statute does not define "authorized person," we have held that a person was authorized within the meaning of the criminal trespass statute where a manager of a coffee shop, who had express authority to ask disruptive customers to leave, delegated this authority to a police officer, *State v. Gordon*, 437 A.2d 855, 857 (Me. 1981), and where the owner of the premises granted express authority over the premises to two men who asked the defendant to leave, *State v. Dyer*, 2001 ME 62, ¶ 11, 769 A.2d 873.

C.    Application of Section 402(1)(E) to the Facts Presented

[¶12]  The facts here most closely track those addressed in *Gordon*, where a doughnut-shop manager asked police officers to exclude the defendant from the establishment.  *See* 437 A.2d at 856-57.  In contrast to the evidence presented in *Gordon*, however, here the State did not provide direct evidence that the representative of the Rite Aid delegated the authority to exclude Sanchez to Officer

---

[2]  In addition to the officer having authorization to exclude a member of the public from a public place, the State must demonstrate that the removal is justified.  Such justification has been found to exist where the person engaged in or was suspected of intending to engage in disruptive behavior, *Holland v. Sebunya*, 2000 ME 160, ¶ 22, 759 A.2d 205; where the person remained in a United States Representative's office preventing her administrative assistant from doing her job, despite her office manager's and police officers' instructions to leave, *State v. Armen*, 537 A.2d 1143, 1144-46 (Me. 1988); and where a disruptive coffee shop patron remained in the establishment despite being ordered to leave by a manager and a police officer, *State v. Gordon*, 437 A.2d 855, 857 (Me. 1981).  Sanchez does not challenge the allegation of shoplifting as providing a justification in this case.

Smith. *See id.* In summarizing Smith's testimony, the trial judge clarified, and the State agreed, that Smith testified only about his *belief*, based on that conversation, that he was authorized to order Sanchez not to enter Rite Aid.

[¶13] Therefore, the question is squarely presented: can the State prove that a law enforcement officer received the request of an owner, or the owner's representative, to formally exclude a member of the public from a place of public accommodation without presenting direct evidence of the owner's request for the officer to act? We conclude that although such direct testimony would be helpful to the fact-finder, when other facts and circumstances are sufficient to allow the fact-finder to infer that the authority has been conferred, those facts and circumstances may be enough to support a conviction.[3] "A conviction may be grounded on circumstantial evidence and is not for that reason less conclusive." *State v. Ardolino*, 1997 ME 141, ¶ 20, 697 A.2d 73.

[¶14] Here, the facts presented at trial and the inferences to be drawn from those facts were sufficient for the fact-finder to find, beyond a reasonable doubt,

---

[3] "Circumstantial evidence is not, as a matter of law, inherently inferior evidence; factual findings may be supported by reasonable inferences drawn from all the circumstances even if those inferences are contradicted by parts of the direct evidence." *State v. Stinson*, 2000 ME 87, ¶ 8, 751 A.2d 1011. Moreover, "[a] criminal conviction may be based *solely* on circumstantial evidence, even if inferences made from such evidence are contradicted by direct evidence, as long as the evidence supports a finding that each element of the crime at issue is proved beyond a reasonable doubt." *State v. Moores*, 2009 ME 102, ¶ 10, 982 A.2d 318 (emphasis added); *see also State v. Hicks*, 495 A.2d 765, 767, 769-70 (Me. 1985) (upholding a conviction of fourth degree criminal homicide entered after a jury trial in which no evidence of a victim's body, a weapon, or bloodstains was introduced); Alexander, *Maine Jury Instruction Manual* § 6-9 (2013 ed.) ("The law permits [jurors] to give equal weight to both [circumstantial and direct evidence], but [jurors] must decide how much weight to give any evidence.").

that Smith was authorized by a Rite Aid representative to order Sanchez not to enter the Rite Aid. *See Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250. Smith was called to the store by Rite Aid staff and spoke directly to an employee about Sanchez, following which he believed he had authority to exclude Sanchez from the store. Consequently, he went directly to Sanchez to order him not to enter the store. The evidence provides a sufficient basis from which a fact-finder could rationally infer, beyond a reasonable doubt, that Smith was authorized by Rite Aid, and within the meaning of the criminal trespass statute, to order Sanchez not to enter the Rite Aid store. *See* 17-A M.R.S. § 402(1)(E); *Ardolino*, 1997 ME 141, ¶ 20, 697 A.2d 73.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jeremy Pratt, Esq., Camden, for appellant Samuel Sanchez

Geoffrey Rushlau, District Attorney, and Jeffrey Baroody, Asst. Dist. Atty., Prosecutorial District VI, Rockland, for appellee State of Maine

**At oral argument:**

Jeremy Pratt, Esq., for appellant Samuel Sanchez

Jeffrey Baroody, Asst. Dist. Atty., for appellee State of Maine

Rockland District Court docket number CR-2013-76
FOR CLERK REFERENCE ONLY