MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 91
Docket:      Cum-18-437
Argued:      May 15, 2019
Decided:     June 11, 2019

Panel:       SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


BOARD OF OVERSEERS OF THE BAR

v.

JEFFREY P. WHITE


PER CURIAM

[¶1]  On April 26, 2018, the Board of Overseers of the Bar instituted disciplinary proceedings against attorney Jeffrey P. White by filing a four-count information with the Maine Supreme Judicial Court, alleging that White violated more than a dozen provisions of the Maine Rules of Professional Conduct.  *See* M. Bar R. 13(e)(7)(D), (10)(E), (g).  After a testimonial hearing, the single justice (*Alexander, J.*) found and concluded that White violated multiple ethical rules as to each of the four counts, for which the single justice sanctioned White to a nine-month license suspension and a public reprimand.  *See* M.R. Prof. Conduct 1.3, 1.4(a)(2)-(4), 1.5(i), 1.15(b), 1.16(d), 3.3(a), 3.4(b), 4.1(a), 5.3, 8.4(c). White appeals, advancing arguments regarding procedural due process,

challenging the sufficiency of the evidence supporting some of the court's findings, and arguing that the sanction was overly harsh.

[¶2]   Contrary to White's contentions, we discern no due process violations in the court's consideration of ethical rules that were not pleaded in the Board's information, *see Bd. of Overseers of the Bar v. Lefebvre*, 1998 ME 24, ¶¶ 14-15, 707 A.2d 69; *Bd. of Overseers of the Bar v. Rodway*, 461 A.2d 1062, 1064 (Me. 1983), or in the court's application of the preponderance of the evidence standard of proof, *see* M. Bar R. 14(b)(4); *In re Barach*, 540 F.3d 82, 85-86 (1st Cir. 2008) (per curiam).

[¶3] Although White correctly asserts that the court made several factual errors in its decision, including by relying on evidence that was not admitted and making findings that have no record support,[1] *see Lefebvre*, 1998 ME 24, ¶ 11, 707 A.2d 69, we conclude that the factual errors, even when viewed together, do not undermine the reasonableness of the sanction the court imposed as to those findings that are supported by the record.  *See* M.R. Civ. P. 61; M. Bar R. 21; *State v. Sanchez*, 2014 ME 50, ¶ 13 n.3, 89 A.3d 1084;

---

[1]  There was some discussion about Exhibit 7 during the oral argument in this appeal.  On review, we conclude that Exhibit 7 was not admitted at trial, and therefore we have not considered it.

*In re Scott S.*, 2001 ME 114, ¶¶ 24-25, 775 A.2d 1144; *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 29, 771 A.2d 1040.

[¶4]   Finally, although the court did not explicitly articulate its consideration of the American Bar Association's Standards for Imposing Lawyer Sanctions (Am. Bar Ass'n 1992) (ABA Sanction Standards) in fashioning the sanction, because the sanction imposed nevertheless comports with the ABA Sanction Standards, we do not disturb the court's decision on this basis.[2] *See* M.R. Civ. P. 61; *In re Scott S.*, 2001 ME 114, ¶¶ 24-25, 775 A.2d 1144; ABA Sanction Standards 4.42, 6.1, 6.12-6.14, 9.2, 9.21, 9.22(a); *see also* M. Bar R. 21(c); *Bd. of Overseers of the Bar v. Prolman*, 2018 ME 128, ¶ 29, 193 A.3d 808 (Jabar, J., concurring).   The sanction of a suspension from practice for less than a year was neither overly harsh nor outside of the court's broad discretion.

The entry is:

Judgment affirmed.

---

[2]   White's additional contention—that, as to Count 4, the court should have deferred to the sanctions imposed on him by the United States Bankruptcy Court for the District of Maine—is without merit.  *See* M. Bar R. 10(a); *In re Williams*, 2010 ME 121, ¶ 5, 8 A.3d 666.

Daniel L. Cummings, Esq., (orally), Norman Hanson DeTroy, Portland, and Jeffrey P. White, pro se, for appellant Jeffrey P. White

Alan P. Kelley, Esq. (orally), Board of Overseers of the Bar, Augusta, for appellee Board of Overseers of the Bar

Maine Supreme Judicial Court docket number Bar-18-03
FOR CLERK REFERENCE ONLY