Matthew PAYSON

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1993.

Decided Dec. 9, 1993.

Theodore Hoch, Bath, for plaintiff.

Donald W. Macomber, Office of Atty. Gen., Augusta, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

The Secretary of State appeals from a judgment of the Superior Court (Sagadahoc County, *Brodrick, J.*) reversing the Secretary's decision to suspend Matthew Payson's conditional driver's license pursuant to 29 M.R.S.A. § 2241–J (Pamph.1992). The Secretary of State challenges the court's determination that there was not probable cause to believe that Payson was operating a motor vehicle with a blood-alcohol level of 0.05% or greater while driving with a conditional license. We vacate the judgment.

The administrative record establishes the following facts. At about 1:00 a.m. on November 28, 1991, an officer of the Bath Police Department observed a pickup truck driven by Payson make an erratic U-turn and spin its wheels as it entered an on-ramp. The officer followed the truck, which was traveling at 45 miles per hour in a 35-mile-per-hour zone. When the officer stopped the truck, he observed that Payson had glassy eyes and gave off "a faint odor of intoxicating liquor." When asked, Payson admitted that he had been drinking. Payson got out of the truck without difficulty and successfully performed both the alphabet and heel-to-toe field sobriety tests. He refused to submit to a blood-alcohol test, however, and as a result his driver's license was suspended pursuant to 29 M.R.S.A. § 2241–J(2), which incorporates 29 M.R.S.A. § 1312 (Pamph.1992).

After an administrative hearing pursuant to section 2241–J(7), (8), the hearing examin-

er determined that there was probable cause to believe that Payson had operated his vehicle with a blood-alcohol content of 0.05% or greater while holding a conditional license. The examiner based that finding on the odor of alcohol coming from Payson, his glassy eyes, and the admission that he had been drinking. The examiner specifically stated that those factors established probable cause, even in the absence of any indication of impairment.

■ Because the Superior Court acts as an intermediate appellate court, we review the hearing examiner's decision directly for abuse of discretion, error of law, or findings not supported by substantial evidence in the record. *Abrahamson v. Secretary of State*, 584 A.2d 668, 670 (Me.1991). We conclude that the hearing examiner's determination that the Bath police officer had probable cause to believe Payson was operating his vehicle with a blood-alcohol content of 0.05% or greater was not clearly erroneous. We also agree that evidence of impairment is not always necessary for the purposes of applying section 2241-J. When, as here, the examiner found that the officer knew that Payson had been drinking and that Payson showed the effects of the use of alcohol, that evidence alone is sufficient to support a finding of probable cause pursuant to section 2241-J.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of a judgment affirming the decision of the Secretary of State.

All concurring.