2004 ME 138

**STATE of Maine**

v.

**David COCHRAN**

Supreme Judicial Court of Maine.

Argued: Sept. 22, 2004.

Decided: Nov. 9, 2004.

Evert N. Fowle, District Attorney, Alan P. Kelley, Deputy Dist. Atty. (orally), Augusta, for State.

Robert E. Sandy Jr., Esq. (orally), Sherman & Sandy, Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] David Cochran appeals from the judgment entered on a jury verdict finding him guilty of unlawful sexual contact pursuant to 17–A M.R.S.A. § 255(1)(C) (1983) (Class C).[1] He argues that the Superior

---

1. Title 17–A M.R.S.A. § 255 was repealed by P.L. 2001, ch. 383, § 22 (effective Jan. 31, 2003), and replaced by 17–A M.R.S.A. § 255–A (Supp.2003).

Court (Kennebec County, *Atwood, J.*) erred in finding the child victim competent to be a witness pursuant to M.R. Evid. 601.[2] We disagree and affirm the judgment.

## I. CASE HISTORY

[¶ 2] Cochran was arrested and subsequently charged with two counts of unlawful sexual contact. Count one alleged an incident that occurred at Cochran's home in February 2002. Count two alleged one or more incidents that occurred between April 2001 and February 2002. The child involved in these events was between three and four years old at the time; she was five at the time of trial in March 2003.

[¶ 3] On Cochran's motion, the trial court held a pretrial hearing to determine the child's competency to be a witness. The child took the stand and stated that she was five years old and that she would be six on her next birthday. She testified that she was wearing a red dress, and when asked whether it would be truthful to say that her red dress was purple, she replied that it would be "lying" and that people "get in trouble" when they lie. She also accurately testified that she was in kindergarten and gave her teacher's name. She told the court that she made a promise "to tell the truth" when she raised her right hand.

[¶ 4] The young witness was unable to remember the dates of the incidents. She knew, however, that the events did not occur "yesterday" or "last week," and she knew that she was four years old and attending preschool when Cochran had done things to her that she did not like. She recollected that at that time she attended a particular preschool, which she identified by name, and she also identified all four of her preschool teachers by name. In addition, she testified that she had told her mother what Cochran had done at that time. She did not remember, however, what she had told her mother.

[¶ 5] Cochran's attorney asked the child whether she remembered what Cochran did, and she responded that she did. When Cochran's attorney next asked what Cochran had done, the court sustained the State's objection "to going into the details." Following the child's testimony, defense counsel waived argument on the child's competency pending rebuttal. The State then argued that the child met the competency requirements set forth in M.R. Evid. 601. Defense counsel offered no argument, and the court concluded that the child was competent to testify.[3] She subsequently testified at Cochran's jury trial, providing a detailed description of Cochran's sexual contact with her. The

2. Cochran raises a variety of other errors, which we have determined to be without merit and thus decline to address separately. They include (1) permitting an allegedly biased juror to remain on the jury panel; (2) permitting the prosecutor to ask leading questions of the five-year-old victim on direct examination; (3) denying his motion for a mistrial following prejudicial comments by a witness; and (4) denying his motion for judgment of acquittal at the close of the State's case-in-chief.

3. The State contends that Cochran waived argument regarding the child's competency by not further arguing the motion at the conclusion of the pretrial hearing. Contrary to the State's argument, however, Cochran's decision not to argue the motion does not constitute a waiver, but rather reflects that defense counsel was content to have the court rule on the matter based upon the evidence that had been presented. Contrary to the State's additional contention, it was not necessary for Cochran to renew his competency objection at trial because the record of the competency hearing clearly demonstrates that the court's competency ruling was final. *See* M.R. Evid. 103(c).

jury convicted Cochran on count one and acquitted him on count two.[4]

## II.  DISCUSSION

[¶ 6] A trial court's ruling on witness competency is a factual one that we review for clear error. *State v. Ellis,* 669 A.2d 752, 753 (Me.1996). In general, "[e]very person is competent to be a witness." M.R. Evid. 601(a). However, a person will be disqualified from testifying if the court finds that:

> (1) the proposed witness is incapable of communicating concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand the proposed witness, (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth, (3) the proposed witness lacked any reasonable ability to perceive the matter or (4) the proposed witness lacks any reasonable ability to remember the matter.

M.R. Evid. 601(b). We have held that "a child of any age is competent to be a witness unless disqualified under rule 601(b)." *State v. Hussey,* 521 A.2d 278, 280 (Me.1987). A trial court may rule on witness competency by holding a pretrial hearing or by listening to and evaluating a witness's trial testimony. *See State v. Roman,* 622 A.2d 96, 100 (Me.1993).

[¶ 7] Cochran argues that the court erred in preventing him from going into the details of the alleged offense during the competency hearing. He contends that when making a preliminary determination on the competency of a young witness, Rule 601(b) requires that the witness describe the facts of the alleged offense itself. Without such testimony, he suggests, there is no reliable way for the court to determine a witness's ability to remember the matter about which the witness is expected to testify at trial. We disagree.

[¶ 8] Rule 601(b)(4) disqualifies a witness from testifying if "the proposed witness lacks any reasonable ability to remember the matter." The rule does not mandate that when the question of competency is considered prior to trial, the court must receive the details of the matter involved if it has otherwise received sufficient information to conclude that the witness has the ability to remember the subject of the matter at hand, and can relate events from the relevant point in time. *See Ellis,* 669 A.2d at 753 (stating that "[t]he children testified about other aspects of their life at the time of the assault and demonstrated reasonable ability to remember the incident").

[¶ 9] Here, the trial judge, having viewed the child while she testified, concluded that she (1) was capable of communicating regarding the matter at hand so as to be understood by the judge and jury; (2) understood the duty to tell the truth; (3) was able to perceive the matter; and (4) had the ability to remember that Cochran did something to her when she was four years old that she did not like, and that she reported it to her mother. *See* M.R. Evid. 601(b). The court did not err in finding the child competent to testify.

The entry is:

Judgment affirmed.

---

4.  The court sentenced Cochran to a term of four years, with all but two suspended. He was also placed on probation for a period of four years.