2012 ME 16

**STATE of Maine**

v.

**James S. SOUCY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: Feb. 21, 2012.

William B. Blaisdell, IV, Esq., Blaisdell & Blaisdell, Ellsworth, for appellant James S. Soucy.

Carletta M. Bassano, District Attorney, and Mary N. Kellet, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, for appellee State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] James S. Soucy appeals from a judgment of conviction for operating a motor vehicle under the influence of intoxicants (OUI) with one previous OUI conviction within a ten-year period (Class D), 29–A M.R.S. § 2411(1–A)(B)(1) (2008),[1] entered in the District Court (Ellsworth, *Gunther, J.*) following a nonjury trial. Soucy argues that the evidence of impairment from his use of prescription drugs was insufficient to convict him of OUI. We affirm the judgment.

## I.  CASE HISTORY

[¶ 2] On September 5, 2009, at approximately 6:00 a.m., an acquaintance of Soucy observed him driving fast down a dirt road and yelling, "Where are you?" The acquaintance yelled at Soucy to stop his vehicle. Soucy stopped the vehicle, crawled out of the driver's side window, and proceeded to angrily pound on the roof of the car. Soucy stated to the acquaintance that he was looking for his ex-girlfriend, who had recently broken up with him. At Soucy's trial, the acquaintance testified that, at the time, Soucy's "eyes were like on fire."

[¶ 3] Approximately one hour later, a police officer received a report that Soucy, whom he knew, was operating his vehicle erratically. Responding to the call, the officer witnessed Soucy drive by him at a high rate of speed. After a short pursuit, the officer located Soucy coming towards him on a narrow road. Soucy stopped his vehicle and waved to the officer to pass him on the road. When the officer walked up to the driver's side window of Soucy's vehicle, the officer did not smell alcohol, but he observed that Soucy's eyes were extremely bloodshot and glossed over. The officer further observed that Soucy was excitable, irrational, and jittery. Soucy told the officer that he had taken his prescribed oxycodone the previous night for a neck injury, had the flu, and had not slept in awhile.

[¶ 4] Soucy was unable to perform successfully three field sobriety tests: (1) horizontal gaze nystagmus (HGN); (2) heel-to-toe; and (3) one-legged stand. The officer concluded that Soucy was impaired and transported him to the county jail. Following an intoxilyzer test, which read .00 for blood-alcohol, it was apparent that Soucy's impairment was not due to alcohol consumption.

---

1. Title 29–A M.R.S. § 2411(1–A)(A), (B)(1) (2008) states:
   1–A. **Offense.** A person commits OUI if that person:
     A. Operates a motor vehicle:
       (1) While under the influence of intoxicants; or
       (2) While having a blood-alcohol level of 0.08% or more;
     B. Violates paragraph A and:
       (1) Has one previous OUI offense within a 10–year period. . . .
   An amendment to title 29–A M.R.S. § 2411(1–A)(A) became effective after the crime. *See* P.L.2009, ch. 447, § 37 (effective Sept. 12, 2009) (codified at 29–A M.R.S. § 2411(1–A)(A) (2011)).

[¶ 5] The officer returned to the location where he had stopped Soucy and recovered two oxycodone pill bottles, labeled for Soucy, that were hidden in the woods.

[¶ 6] A little later in the morning, another officer, who was a drug recognition expert, administered to Soucy a twelve-step drug influence evaluation. During the evaluation, the officer observed that (1) Soucy's pupil size was abnormally small; (2) he was anxious and unsteady; (3) he had a high pulse; (4) he failed the HGN test; (5) he lost his balance during the heel-to-toe test and the one-legged-stand test; (6) he missed the tip of his nose during the finger-to-nose test; and (7) his muscle tone was rigid. Soucy stated to the officer that he had taken his prescribed amount of oxycodone, oxycontin, and hydrocodone that day, but did not know what time.

[¶ 7] Based on his evaluation, the drug recognition expert determined that Soucy was under the influence of a dissociative anesthetic and a narcotic analgesic that rendered him unable to operate a motor vehicle safely. A urine test confirmed the drug recognition expert's conclusions; it indicated the presence of oxycodone (a dissociative anesthetic) and hydrocodone (a narcotic analgesic).

[¶ 8] Soucy was charged with operating a motor vehicle under the influence of intoxicants with one previous OUI offense within a ten-year period (Class D), 29-A M.R.S. § 2411(1-A)(B)(1). At arraignment, he pleaded not guilty.

[¶ 9] Following a non-jury trial, the court found Soucy guilty of operating under the influence with one previous OUI offense within a ten-year period.[2] The court reasoned that Soucy's pulse rate,

eyes, and the officers' and acquaintance's physical observations proved beyond a reasonable doubt that Soucy was under the influence of drugs. Soucy was sentenced to seven days in jail, $980.00 in fines and surcharges, and a three-year suspension of his motor vehicle operator's license.

## II. LEGAL ANALYSIS

[¶ 10] When the sufficiency of evidence is challenged, we view the evidence in the light most favorable to the State, as the prevailing party. *See State v. Medeiros*, 2010 ME 47, ¶¶ 2, 16, 997 A.2d 95. "The fact-finder may draw 'all reasonable inferences from the evidence.'" *State v. Moores*, 2006 ME 139, ¶ 7, 910 A.2d 373 (quoting *State v. Smen*, 2006 ME 40, ¶ 7, 895 A.2d 319). In an OUI hearing, "testimony that the defendant exhibited symptoms of intoxication can be sufficient to support a finding that the defendant was under the influence." *State v. McCurdy*, 2002 ME 66, ¶ 10, 795 A.2d 84; *see State v. Worster*, 611 A.2d 979, 981 (Me.1992).

[¶ 11] If the State proves that, while operating a motor vehicle, a defendant's mental or physical faculties were impaired however slightly, or to any extent, by alcohol, drugs, or other intoxicants, a defendant is guilty of operating under the influence. *State v. Bento*, 600 A.2d 1094, 1096 (Me.1991) (citing *State v. Longley*, 483 A.2d 725, 732 (Me.1984)); *see also Worster*, 611 A.2d at 980–81. It is no defense that the defendant is under the influence of prescription drugs, even if taken as prescribed.[3]

[¶ 12] The issue for the court in an OUI prosecution is not whether the defendant acquired or ingested alcohol or drugs

---

**2.** In 2006, Soucy had been convicted of an OUI, pursuant to 29–A M.R.S. § 2411(1-A)(A).

**3.** OUI is not a specific intent crime; thus, whether the defendant's "intoxication was involuntary is irrelevant to the determination of whether he violated the statute." *State v. Curtis*, 2003 ME 94, ¶ 3, 828 A.2d 795.

properly or improperly, but whether ingestion of alcohol or drugs impaired the defendant's mental or physical faculties however slightly, or to any extent, while the defendant was operating a motor vehicle. *See* 29–A M.R.S. § 2401(13) (2011) (defining "[u]nder the influence of intoxicants" as "under the influence of alcohol, a drug other than alcohol, a combination of drugs or a combination of alcohol and drugs").

[¶ 13] In the present case, Soucy was driving at a high rate of speed and exhibiting erratic behavior. He was unable to successfully perform three field sobriety tests, he displayed several indicators of intoxication during the drug influence evaluation, and his urine test revealed drugs in his system. Soucy admitted taking his prescription drugs, which he had hidden in the woods, a few hours before being detained by the officer.

[¶ 14] Because there is sufficient evidence in the record for the court to find, beyond a reasonable doubt, that, while operating his motor vehicle, Soucy was impaired, to some extent, by his consumption of prescription drugs, we affirm the conviction of operating under the influence of an intoxicant.

The entry is:

Judgment affirmed.