MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:      2015 ME 162
Docket:        Ken-15-77
Argued:        December 9, 2015
Decided:       December 22, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

BRADLEY R. ATKINS

ALEXANDER, J.

[¶1]    To convict a person of operating under the influence (OUI) 29-A M.R.S. § 2411(1-A) (2014), the State must prove, beyond a reasonable doubt, two elements: (1) the person operated a motor vehicle, and (2) at the time of operation, the person was under the influence of an intoxicant—alcohol, drugs, or another intoxicant—or a combination of intoxicants.  *See also State v. Soucy*, 2012 ME 16, ¶ 11, 36 A.3d 910.  A person is under the influence if the person's physical or mental faculties are impaired however slightly or to any extent by the substance or substances that the person consumed.[1]  *Id.*; *State v. Worster*, 611 A.2d 979, 980-81 (Me. 1992).

---

[1]  A person may consume a substance by eating, drinking, inhaling, or injecting it.

2

[¶2]    In this appeal we examine whether a law enforcement officer's testimony about statements by the accused and observations indicating his or her impairment must be excluded because the officer lacked sufficient training or expertise in drug impairment recognition and the officer could not perform certain evaluations that a drug recognition expert could have.  *See* 29-A M.R.S. §§ 2525, 2526 (2014).  In a recent appeal, *State v. Fay*, 2015 ME 160, --- A.3d ---, we examined whether a law enforcement officer's testimony about observations of impairment must be excluded because the officer did not strictly adhere to field sobriety test procedures prescribed in a training manual.  Our opinions in *Fay* and here establish that, subject to the court's gatekeeping role established in Maine Rules of Evidence 401 to 403 and 601(b), any deficiencies in an officer's training or expertise, or failure to strictly comply with prescribed procedures in making observations or conducting tests, go to the weight, but not the admissibility, of the officer's testimony regarding observations of impairment.[2]

---

[2]  In *Fay*, we stated:

> A police officer's failure to strictly adhere to the specific procedures promulgated by [the National Highway Traffic Safety Administration] does not render evidence regarding those field sobriety tests inadmissible or without value in determining whether a suspect is under the influence of intoxicants.  The use of alternative approaches might be relevant to the weight the jury places upon that evidence, but that is a matter that can be addressed through cross-examination.

*State v. Fay*, 2015 ME 160, ¶ 7, --- A.3d ---.

## I. CASE HISTORY

[¶3] On January 21, 2014, on Riverside Drive in Augusta, a police officer observed Bradley R. Atkins to be operating a vehicle with a taillight out. Atkins then drove through a red light. After Atkins was stopped, some of his reactions to the stop appeared unusual. When the officer approached the driver's side of the vehicle, Atkins "appeared to be chuckling or laughing and was scrolling down his phone not making eye contact." As he exited the vehicle, Atkins moved "like everything was in slow motion." Responding to the officer's questions, Atkins stated that he had not consumed any alcohol, but "he had smoked multiple dabs" of THC, and that, consequently, he was "high as hell." Asked if he believed he could drive to Portland, Atkins responded, "No way. I'm too stoned."

[¶4] Atkins was arrested and charged by criminal complaint with OUI enhanced with one prior OUI conviction (Class D), 29-A M.R.S. § 2411(1-A)(B)(1), and was subsequently convicted of that offense after a nonjury trial (Kennebec County, *Mullen, J.*).

[¶5] The facts leading to the arrest and the OUI charge, discussed briefly above, are not in dispute. The issue is whether the evidence supporting those facts was admissible and sufficient to support the conviction.

[¶6] After Atkins waived his right to a jury trial, the court held a bench trial. Shortly before trial, Atkins filed a motion in limine seeking to exclude

4

"evidence of alleged narcotic use or allegations of being under the influence of narcotics." Atkins argued that the arresting officer's testimony should be excluded because the officer was not a drug recognition expert, and that only such a specially trained officer could testify to observations of impairment when the substance at issue was a drug other than alcohol. Atkins also sought to exclude the testimony of a drug recognition expert whom the arresting officer called that night to discuss the case, as the expert did not conduct an evaluation of Atkins. The court denied the motion with regard to the arresting officer's testimony, but it limited the drug recognition expert to testifying that, after speaking with the arresting officer on the night in question, the drug recognition expert did not come to the scene to evaluate Atkins.

[¶7] The court found Atkins guilty of operating under the influence for the second time in ten years. After making findings of fact based upon the arresting officer's testimony, the court stated: "The issue for me is whether the ingestion of drugs, in this case, impaired Mr. Atkins's physical and mental faculties however slightly or to any extent while he was operating a motor vehicle. And to me, the answer is—beyond all reasonable doubt, the answer is obviously yes."

[¶8] The court sentenced Atkins to ninety days of imprisonment, all but seven days suspended, to be followed by one year of probation. The court also ordered that Atkins's driver's license be suspended for three years and ordered

Atkins to pay a total of $890 in fines.  Atkins timely appealed.  *See* 15 M.R.S. § 2115 (2014); M.R. App. P. 2(b).

[¶9]  Atkins contends that the trial court erred by (A) refusing to strike his prior OUI conviction, entered after a plea, because it had been entered without proper waiver of his right to counsel; (B) allowing the arresting officer to testify about Atkins's statements and the officer's observations of impairment from drugs other than alcohol; and (C) finding him guilty of OUI, given that no drug recognition expert examined Atkins at the time of the arrest.

## II.  LEGAL ANALYSIS

[¶10]  We address each of Atkins's arguments in turn.

### A.    The Prior Uncounseled OUI Conviction

[¶11]  Atkins argues that the trial court erred by refusing to strike from the criminal complaint the allegation of a prior OUI conviction.  In support of his motion to strike the allegation of the prior conviction, Atkins asserted that he did not remember much of the proceeding that led to his prior OUI plea.  However, he did remember viewing a video.  The pre-arraignment video used throughout the state describes criminal defendants' fundamental rights.  Among the rights described are the right to the assistance of counsel and the right to have counsel appointed if a defendant is facing a possible jail sentence and cannot afford to hire counsel.

6

[¶12] Atkins attempts to collaterally attack his prior conviction on the basis of a deprivation of the right to counsel or lack of a waiver of his right to counsel before entering his plea. *See State v. Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270. Because, however, Atkins was not facing a term of imprisonment in the prior matter and because the sentence in fact did not include incarceration, he did not have a constitutional right to court-appointed counsel. *See State v. Cook*, 1998 ME 40, ¶ 6, 706 A.2d 603. The use of the uncounselled conviction therefore was not barred based on an alleged deprivation of the right to counsel because Atkins did not have such a right in that proceeding. Further, Atkins may not collaterally attack the prior conviction on any other ground. *See Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270. The court therefore did not err in refusing to strike the allegation of the prior conviction.

B.    Denial of Motion in Limine

[¶13] In an OUI trial, evidence that a driver was impaired, including reported observations that he or she showed symptoms of intoxication, is relevant to the crime charged. *See* 29-A M.R.S. § 2411(1-A)(A)(1); M.R. Evid. 401; *Fay*, 2015 ME 160, ¶ 7, --- A.3d ---; *Soucy*, 2012 ME 16, ¶ 11, 36 A.3d 910; *State v. McCurdy*, 2002 ME 66, ¶ 10, 795 A.2d 84. "All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute[,] . . . [the Maine Rules of Evidence,] or . . . other rules

applicable in the courts of this state." M.R. Evid. 402 (Tower 2014).[3] Therefore, evidence tending to show that a driver was impaired is admissible in an OUI trial unless the law or the rules of evidence provide otherwise.

[¶14]  Atkins argues that the statutes addressing drug recognition experts, 29-A M.R.S. §§ 2525 and 2526, require that, when a defendant charged with OUI is alleged to have been intoxicated by a substance other than alcohol, the testimony of a drug recognition expert is necessary.  Atkins contends that these statutes render the testimony of any person who is not such an expert unreliable, requiring that the person be barred from testifying about observations indicating that a defendant was impaired by drugs.[4]

[¶15]  Section 2526 establishes a program to train and certify drug recognition experts, and mandates that only officers who have completed the program may conduct drug impairment assessments and testify as experts pursuant to section 2525.  Section 2525(1) provides that a person must submit to a blood or urine test if and when "a drug recognition expert has probable cause to believe that a person is under the influence" of a drug, multiple drugs, or a combination of

---

  [3]  M.R. Evid. 402 has since been replaced, effective January 1, 2015, with restyled language that does not affect the substance of the Rule.  *See* M.R. Evid. 402 (restyled Maine Rules of Evidence).

  [4]  As we discussed in *State v. Moulton*, although alcohol may be a "drug" by the common definition of the word, the references to "drugs" in 29-A M.R.S. § 2525 (2014) do not include alcohol.  1997 ME 228, ¶¶ 14-16, 704 A.2d 361.  Accordingly, in the instant context, we use the word "drug" to refer to an intoxicating substance other than alcohol.

drugs and alcohol. Section 2525(2) provides that a drug recognition expert's "drug impairment assessment" and the results of a blood or urine test are admissible in an OUI trial. In addressing the admissibility of the results of a drug recognition expert's tests, subsection 2 does not, directly or by implication, prohibit testimony by any person reporting observations of impairment. Even regarding test results, subsection 2 states that when section 2525's requirements are not satisfied, "evidence of test results" must be excluded only when "the evidence is determined to be not sufficiently reliable."

[¶16] Thus, sections 2525 and 2526 do not bar a nonexpert officer, or even a layperson, from testifying to his or her observations of a driver's impairment or the conduct and results of a field sobriety test. The various mandates of section 2525 do not apply here because the arresting officer was not presented as a drug recognition expert, and such an expert never examined Atkins.

[¶17] Although in some circumstances the testimony of a person not trained in drug recognition may arguably be entitled to less weight than the testimony of a person trained to recognize signs of impairment by drugs, "[d]eterminations of the weight and credibility to be afforded the evidence are within the fact-finder's exclusive province." *State v. Schmidt*, 2008 ME 151, ¶ 19, 957 A.2d 80. Similarly, while there may be rare circumstances when a witness is demonstrably unqualified or sufficiently unreliable to be allowed to testify to apparently relevant

evidence, *see* M.R. Evid. 104(a), 601(b); *State v. Cochran*, 2004 ME 138, ¶¶ 6-9, 863 A.2d 263 (addressing criteria to determine witness competency in affirming trial court allowing child witness to testify), those circumstances do not exist here.

[¶18]  The trial court did not abuse its discretion or otherwise err when it denied Atkins's motion in limine and admitted the arresting officer's testimony regarding his observations and the results of the field sobriety tests, as the officer was qualified to testify as to his observations, that evidence was relevant to the OUI charge, and its admission was not otherwise barred.  *See* M.R. Evid. 401, 402; *State v. Adams*, 2014 ME 143, ¶ 8, 106 A.3d 413; *State v. Patterson*, 651 A.2d 362, 366 (Me. 1994).

C.    Sufficiency of the Evidence

[¶19]  Atkins challenges the sufficiency of the evidence to support his conviction in the absence of an examination by a drug recognition expert.

[¶20]  "When determining whether the record contained enough evidence to support a criminal defendant's conviction, we view 'the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt.'"  *State v. Sanchez*, 2014 ME 50, ¶ 8, 89 A.3d 1084 (quoting *State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250).

10

[¶21]  A person commits the crime of OUI when he or she "[o]perates a motor vehicle . . . [w]hile under the influence of intoxicants."[5]  29-A M.R.S. § 2411(1-A)(A)(1).  Thus, "[i]f the State proves that, while operating a motor vehicle, a defendant's mental or physical faculties were impaired however slightly, or to any extent, by alcohol, drugs, or other intoxicants, a defendant is guilty of operating under the influence."  *Soucy*, 2012 ME 16, ¶ 11, 36 A.3d 910.  Further, "[i]n an OUI hearing, 'testimony that the defendant exhibited symptoms of intoxication can be sufficient to support a finding that the defendant was under the influence.'"  *Id.* ¶ 10 (quoting *McCurdy*, 2002 ME 66, ¶ 10, 795 A.2d 84).

[¶22]  Contrary to Atkins's contentions, there was, as the court found, sufficient evidence to support his OUI conviction "beyond all reasonable doubt."  Just as the drug recognition expert statutes do not bar the admission of other evidence of impairment by drugs in an OUI trial, those statutes do not affect the proof necessary to convict a defendant of OUI.  Here, the court found that "the ingestion of drugs . . . impaired Mr. Atkins['s] physical and mental faculties . . . while he was operating a motor vehicle."  *See* 29-A M.R.S. § 2411(1-A)(A)(1);

---

[5]  Atkins was convicted pursuant to 29-A M.R.S. § 2411(1-A)(B)(1) (2014) because he had one prior OUI conviction within the previous ten-year period.  There is sufficient evidence to support the court's finding that Atkins had one prior OUI conviction, as the State produced the judgment and commitment of that conviction at trial.

*Soucy*, 2012 ME 16, ¶ 11, 36 A.3d 910.  That finding is supported by the following evidence, referenced by the court when it issued its decision:

- Atkins drove through a red light;

- Atkins stated that, other than his taillight being out, he did not know why he had been stopped;

- Atkins admitted to the officer that he had smoked a concentrated form of THC multiple times that night;

- Atkins stated that he could not drive to Portland because he was "too stoned";

- Atkins's eyes were bloodshot, glassy, and droopy;

- Atkins fumbled with his wallet and exited the car as though "everything was in slow motion"; and

- Atkins's observed performance on two out of three field sobriety tests "supported a conclusion that [he] was under the influence of something."

This evidence—none of which requires any level of expertise—fully supports the court's determination that Atkins was exhibiting symptoms of intoxication. *See McCurdy*, 2002 ME 66, ¶ 10, 795 A.2d 84.

[¶23]  For these reasons, the court did not err when it found Atkins guilty of operating a motor vehicle while under the influence of an intoxicant.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Thomas J. Carey, Esq., Vienna, for appellant Bradley R. Atkins

Maeghan Maloney, District Attorney, and Frayla Schoenfeld, Asst. Dist. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine

**At oral argument:**

Thomas J. Carey, Esq., for appellant Bradley R. Atkins

Frayla Schoenfeld, Asst. Dist. Atty., for appellee State of Maine