STATE OF MAINE                                          SUPERIOR COURT
AROOSTOOK,ss                                           CIVIL ACTION
                                                       DOCKET NO. CARSC-AP-16-003


DANA BEAULIEU                          )
                                       )
                                       )
                                       )
                                       )
vs.                                    )               DECISION AND ORDER
                                       )
                                       )               RULE 80C APPEAL
                                       )
                                       )
                                       )
                                       )
                                       )
SECRETARY OF STATE                     )
                                       )


On August 12, 2016 Dana Beaulieu, the Petitioner, filed a Petition for Review
pursuant to M.R. Civ. P. 80C and 5 MRSA Section 11002 seeking to overturn the
suspension of his driver's license by the Secretary of State.


## PROCEDURAL BACKGROUND AND FACTS

A review of the record supports the following findings. On March 17, 2016 the
Secretary of State sent to Petitioner a notice of suspension of his driver's license
pursuant to 29-A MRSA Section 2453. Petitioner requested a hearing and the
Secretary of State issued a Notice of Hearing setting the matter for June 3, 2016. The
Notice of Hearing incorrectly identified the statutory issues as Section 2453-A,
which is an OUI-drug hearing rather than a Section 2453 OUI hearing.

All parties were present for the June 3, 2016 hearing. At the beginning of the
hearing, the hearing officer correctly identified the issues as being pursuant to
Section 2453. Evidence was presented on the Section 2453 issues, and Petitioner
fully participated with an extensive cross-examination of the arresting officer. Only
at the end of the hearing was it noticed or pointed out that the notice of hearing
incorrectly referenced Section 2453-A. [1] Petitioner moved to rescind the
suspension, which was denied. But the hearing examiner did allow Petitioner
additional time to brief and submit a memorandum supporting his position. In

---

[1] In fact the Hearing Officer had closed the hearing and gone off record, and during
that off record period the inaccuracy in the hearing notice was detected. Tr. 98.
[2] The intoxilyzer test was conducted by a certified operator, whose certification

1

addition, before issuing a final written decision, a corrected notice was issued. There is no evidence on the record to demonstrate or indicate that the Petitioner was prejudiced by the inaccurate hearing notice or that the Petitioner would have conducted the hearing differently.

At the June 3, 2016 hearing the issues litigated were: 1. Was there probable cause to believe the Petitioner was operating a motor vehicle with an alcohol level above the legal limits; and 2. Did the Petitioner operate a motor vehicle with an alcohol level above the legal limits.

Regarding probable cause, at the conclusion of the hearing, the hearing officer orally made on the record preliminary findings of erratic operation(difficulty keeping, maintaining the vehicle in the lane), an odor of alcohol, slurred speech, and unsteadiness on his feet "even without considering the various specific field sobrieties." Tr. 96-97.

In her written decision, the hearing officer made findings which included:
    -the officer observed Petitioner's vehicle weaving in its lane, and touching or crossing the yellow line four times;
    -the officer detected an odor of alcohol, the Petitioner's speech was slurred and he was unsteady on his feet;
    -the field sobriety tests administered by the officer were not done in accordance with NHTSA guidelines but were corroborative of his observations of unsteadiness.

In addition, the intoxilyzer test results indicating the Petitioner's blood alcohol level was 0.16 grams of alcohol per 210 liters of breath was admitted as evidence.[2] Based on these findings, the hearing examiner ruled there was probable cause to believe the Petitioner operated a motor vehicle with a blood alcohol level above the legal limits and that he did operate a motor vehicle with a blood alcohol level above the legal limits.

## STANDARD OF REVIEW

In reviewing directly the record of an administrative hearing, the court determines whether the hearing examiner abused her discretion, committed an error of law, or made findings not supported by substantial evidence in the whole record. *Abraham v. Secretary of State*, 584 A.2d 688,670 (Me. 1991). The Court will not substitute its own judgment for that of the hearing examiner merely because the record could support more than one result. *Id.* Where the Superior Court acts as an intermediate

---

[2] The intoxilyzer test was conducted by a certified operator, whose certification number was noted on the test; therefore the test result was admitted without testimony from that certified operator.

appellate court, "we review the hearing examiner's decision directly for abuse of discretion, error of law, or findings not supported by substantial evidence in the record." *Payson v. Secretary of State*, 634 A.2d 1278, 1279 (Me. 1993). The agency's factual determinations must be sustained unless shown to be clearly erroneous." *Imagineering Inc. v. Superintendent of Ins.* 593 A.2d 1050, 1053 (Me. 1991) The party seeking to vacate the agency decision bears the burden of persuasion on appeal. *Zegel v. Board of Social Licensure*, 2004 ME 31, P. 14.


Probable Cause

Petitioner asserts that the arresting officer was not properly trained or knowledgeable in the administration of field sobriety tests or other aspects of OUI investigations, and therefore any determinations or findings by him of probable cause were compromised and unreliable. Petitioner also asserts the field tests were not performed properly.

However, the probable cause standard to require a person to take a blood test has a very low threshold. *State v. Webster*, 2000 ME 115, P.7. And that is because a person can be found guilty of operating under the influence if his senses are "impaired however slightly" or " to any extent".*Id.* Therefore, for probable cause, the officer needs only evidence that the person's senses are affected to the slightest degree, or to any extent, by alcohol. *Id.*

In *Webster*, the court found that the arresting officer's testimony of unsteadiness, and failure of field sobriety tests was inaccurate. None-the-less, observations of driving maneuvers, the odor of alcohol and statements about consumption were found to be sufficient probable cause. The field sobriety tests are not controlling. *Id.*

In this case, the record shows the officer observed erratic operation, detected an odor of alcohol, and observed slurred speech and unsteadiness. Those observations without field sobriety tests are sufficient probable cause to believe the Petitioner was operating under the influence and are sufficient to support the hearing officer's findings of probable cause.

The arresting officer did not conduct the field sobriety tests in accordance with NHTSA guidelines. But an officer's failure to strictly adhere to those guidelines or procedures does not render evidence regarding the field sobriety tests inadmissible or without value in determining whether a suspect is under the influence. *State v. Fay*, 2015 ME 160, P.7. In her written decision, the hearing officer wrote "Field sobriety tests were not conducted precisely according to NHTSA guidelines, but were generally corroborative of the prior observation of unsteadiness." The hearing officer's consideration of the field sobriety tests under such constraints is proper and consistent with *Fay*.

3

The hearing officer's finding of probable cause is supported by substantial evidence in the record and are not erroneous, and therefore will be sustained.

Petitioner also asserts the intoxilyzer test results should not have been admitted since the evidence suggests that the arresting officer was pre-occupied writing notes during the 15 minute wait period. However, the test was not administered by the arresting officer but instead by a certified intoxilyzer operator. There is no evidence of irregularities in the test administration by the certified operator. The written test report signed by the certified operator was properly admitted into evidence and properly considered by the hearing officer.

Due Process and Inaccurate Notice of Hearing

Petitioner argues he was denied due process by being issued a notice of hearing that incorrectly identified the statutory issues to be addressed as pursuant to Section 2453-A . Due process does require notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder. *In re Kristy Y,* 2000 ME 98. And a court may vacate an agency's action if it results in "procedural unfairness". *Hopkins v. Dep't of Human Servs.,* 2002 ME 129, P.12. However, with respect to defective notice, a petitioner must show he was prejudiced by the defective notice. *Id.* at P. 13. In *Hopkins,* plaintiff's were issued a technically improper notice that did not inform them of the specific sections on which DHHS was acting. However because the plaintiffs were aware of the reasons for the action and could not show prejudice arising from the defective notice, the Court ruled their due process rights were not violated.

The facts of this case are very similar to *Hopkins.* Although the notice of hearing incorrectly referenced Section 2453-A, Petitioner was originally notified his license was suspended pursuant to Section 2453. Section 2453 was cited at the beginning of the hearing, and the issues addressed at the hearing were Section 2453 issues. In other words, the hearing was conducted and petitioner fully participated with Section 2453 issues being litigated. The record indicates neither party was aware of the incorrect notice until the end of the hearing. The hearing was closed and off record when apparently the discrepancy was identified. Once alerted to the mistake, the Petitioner was afforded time to brief the issue more fully and submit additional information. However, there is no evidence in the record which even remotely suggests the Petitioner was prejudiced or his due process rights violated. In addition to allowing petitioner additional time, a corrected notice was issued. But the issuance of a corrected notice was not necessary. In short, at the hearing held June 3, 2016, the proceedings were conducted, evidence was admitted and subjected to examination and the parties otherwise conducted themselves as if on notice of a Section 2453 hearing despite the written notice incorrectly referencing Section 2453-A. Nothing different would have occurred had the notice referenced Section 2453. There is simply no evidence of prejudice.

4

The Petitioner's appeal to overturn the decision of the Secretary of State is denied.

Dated: November 16 2016

_____
Justice, Superior Court

Appeal

| Date Filed | 08/12/2016 | | Aroostook County | Docket No. | CARSC-AP-2016-003 |
|---|---|---|---|---|---|
| Action | 80C | | | | |
| | | | | | |
| Plaintiff | Dana Beaulieu | vs. | | Defendant | State of Maine Bureau of Motor Vehicles |
| | | | | | |
| Attorney | Gene Sullivan, Jr. | | | Attorney | Donald Macomber |

Date of Entry
2016
08/22/2016  Petition and request for Stay filed on 08/12/2016 by Atty Sullivan.
08/26/2016  Respondent's Opposition to Petitioner's Mtn for Stay filed by AAG Donald Macomber on 08/22/2016.
09/12/2016  Record of Proceeding filed by AAG Macomber on 09/09/2016.
09/15/2016  Order on Petitioner's Motion for Stay – "denied" (J. Stewart) 09/13/2016.
Notice and Briefing Schedule issued 09/14/2016.
10/19/2016  Petitioner's Brief filed by Atty. Sullivan by email on 10/18/2016. Hard copy to follow by mail.
10/20/2016  Original Petitioner's Brief filed by Atty. Sullivan on 10/19/2016.
10/24/2016  Brief of the Respondent, the Secretary of State filed by AAG Macomber on 10/24/2016.
11/21/2016  Petitioner's Reply Brief filed 11/07/2016 by Atty. Sullivan.
11/21/2016  Decision and Order signed by Justice Stewart on 11/16/2016.