MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:    2024 ME 31
Docket:      Aro-23-119
Submitted
  On Briefs:  January 24, 2024
Decided:     April 30, 2024

Panel:       MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

## STATE OF MAINE

v.

## MICHAEL G. SAUCIER

CONNORS, J.

[¶1]  Michael G. Saucier appeals from a judgment of conviction and sentence, entered by the trial court (Aroostook County, *Nelson, J.*) after a jury verdict, of one count of gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2023); one count of unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2023); and one count of unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(E) (2023).  The question presented is whether there was sufficient evidence to meet the State's burden on the element of each of the offenses regarding the age of the victim.  Because we conclude that there was sufficient evidence to prove that the victim was under the age of fourteen but that there was not sufficient evidence to prove that the victim was under the age of twelve, we vacate the convictions on the Class A and B offenses and affirm

the conviction on the Class C offense. We remand for resentencing as to that count.

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the State, a jury rationally could have found the following facts. *See State v. Fay*, 2015 ME 160, ¶ 2, 130 A.3d 364.

[¶3] Saucier was the victim's stepfather at the time of the offenses. The victim was twenty years old at the time of trial.

[¶4] The victim, the victim's sister, the victim's mother, and Saucier moved to Exeter when the victim was in the fifth grade. Sometime during the period they lived in Exeter, Saucier committed three offensive acts against the victim. The victim and her family moved to Van Buren after the victim completed the seventh grade. Saucier engaged in an unlawful sexual contact with the victim in Van Buren as well. Saucier was in his mid-forties during these events.

[¶5] On November 15, 2018, Saucier was charged by indictment with four counts, and on November 30, 2021, the State filed a second indictment charging Saucier with an additional three counts. The State dismissed Counts 1, 2, and 3 before the start of the jury trial. The remaining four counts were

presented to the jury for verdicts:

- Count 4: unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1), on or between January 1, 2011, and December 31, 2014, in Van Buren;

- Count 5: gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C), on or between January 1, 2011, and December 31, 2014, in Exeter;

- Count 6: unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1), on or between January 1, 2011, and December 31, 2014, in Exeter; and

- Count 7: unlawful sexual contact (Class C), 17-A M.R.S. 255-A(1)(E), on or between January 1, 2011, and December 31, 2014, in Exeter.

[¶6]   After presentation of the State's case before the jury in January 2023, Saucier moved for a judgment of acquittal on all counts.  The trial court denied the motion as to Counts 5, 6, and 7 and granted the motion as to Count 4. The trial court granted the motion for acquittal as to Count 4 because the evidence was insufficient to sustain a determination that the victim was under twelve years old when she lived in Van Buren, so the age element of unlawful sexual contact (Class B) had not been met. *See* 17-A M.R.S. § 255-A(1)(E-1). The jury found Saucier guilty as to the three remaining counts.

[¶7]   In March 2023, the trial court sentenced Saucier on Count 5 to twenty-two years, with no time suspended and lifetime supervision upon

4

release.  The trial court set a sentence of nine years on Count 6 and five years on Count 7, both to be served concurrently with the sentence for Count 5.

[¶8]  Saucier timely appealed the conviction and sentence.  *See* M.R. App. P. 2B(b)(1); 15 M.R.S. § 2115 (2023).  The Sentence Review Panel granted Saucier leave to appeal the sentence.[1]

## II.  DISCUSSION

[¶9]  The evidence of the victim's age was sufficient to sustain a conviction on Count 7 but not on Counts 5 and 6.  For Saucier to be found guilty of Counts 5 and 6, the State needed to prove that the victim had not yet attained the age of twelve.  *See* 17-A M.R.S. §§ 253(1)(C), 255-A(1)(E-1).  Count 7 required proof that the victim had not yet attained the age of fourteen.  *See* 17-A M.R.S. § 255-A(1)(E).

[¶10]  On appeal, we review the denial of a motion for a judgment of acquittal by viewing the evidence in the light most favorable to the State to determine whether a jury could rationally have found all elements to have been

---

[1] Given that we are vacating Saucier's convictions on Counts 5 and 6, his argument as to the alleged disproportionality of his sentence is essentially moot.

The trial court noted that Saucier would have to register as a sex offender because he had been convicted of gross sexual assault (Class A), and while we are vacating that conviction, Saucier will still have to be registered as a sex offender for life because we are affirming his conviction for unlawful sexual contact (Class C).  Per the Sexual Offender Registration and Notification Act, unlawful sexual contact (Class C) constitutes a sexually violent offense that requires the offender to be registered for life.  34-A M.R.S. §§ 11203 (7)(A), (8)(A), 11222(2-B) (2023).

proven beyond a reasonable doubt, drawing all reasonable inferences from the evidence presented at trial. *State v. Williams*, 2020 ME 17, ¶ 19, 225 A.3d 751.

[¶11] The entirety of the evidence presented as to the victim's age at the time of the offenses was the following: the offenses occurred when she lived in Exeter; she moved to Exeter in the fifth grade, then moved to Van Buren after the seventh grade; and she was twenty years old at the time of trial.

[¶12] The State provided no evidence to identify the victim's date of birth or her age in the fifth, sixth, seventh, or eighth grade. Hence, we do not know the age of the victim when she moved to Exeter in the fifth grade or when she left Exeter after the seventh grade. While the question is close, the jury could draw a reasonable inference that the victim was under fourteen throughout her time in Exeter. But no such inference can be made that she was under the age of twelve during her time in Exeter. At the trial on January 10, 2023, the victim testified that she was twenty years old. Therefore, the victim was born no later than January 10, 2003, and could have turned twelve at any time during the year ending January 10, 2015. Because the State charged that Counts 5 and 6 occurred between January 1, 2011, and December 31, 2014, she could have turned twelve—and probably did—before December 31, 2014.

6

[¶13]  Because the trial court did not conduct a separate *Hewey* analysis for Count 7, *see State v. Hewey*, 622 A.2d 1151, 1154-55 (Me. 1993), we remand for resentencing on that count.

The entry is:

> Judgments of conviction on Counts 5 and 6 vacated.  Judgment of conviction on Count 7 affirmed.  Remanded with instructions to enter judgments of acquittal on Counts 5 and 6 and for resentencing as to Count 7.

---

Maxwell Coolidge, Esq., Franklin, for appellant Michael G. Saucier

Christiana Rein, Asst. Dist. Atty., District 8, Caribou, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2018-20252
FOR CLERK REFERENCE ONLY